[No. A040826. First Dist., Div. Three. Dec. 15, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS STEELE, Defendant and Appellant.

**COUNSEL**

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—Defendant Douglas Steele appeals after a jury convicted him of escape from state prison without force or violence. (Pen. Code, § 4530, subd. (b).) He contends the trial court erred when it refused to instruct on the defense of duress. We find the trial court properly refused the duress instruction and therefore affirm the judgment.

### FACTS

Department of Corrections Officer Douglas Roe was supervising the return of inmates from a yard at the California Medical Facility in Vacaville

when he saw the defendant, Douglas Steele, break from a group of inmates and run towards the perimeter fences. Officer Roe immediately radioed the guards in Towers 2 and 3 and informed them that an inmate was attempting to escape.

Steele ran straight for the 12-foot inner perimeter fence, scaled it, flattened the razor wire at the top, and climbed over. As he was running towards the outer perimeter fence, the guard in Tower 3 fired a warning shot between the two fences. Undaunted, Steele continued to run and scaled the outer perimeter fence. As he was flattening out the razor wire at the top of the outer fence the guard in Tower 3 shot Steele in the buttocks and he fell to the ground. Prison officials later found a pair of cotton gloves caught in the razor wire at the top of the inner perimeter fence.

### DEFENSE

The defendant contended he escaped because he feared other inmates in the yard were about to stab him. He testified that on the morning before his escape someone slipped a note into his cell which read: "We're gonna get you. We're gonna stab you." Later that morning, he overheard someone say, "How come you haven't done him yet?" Steele believed this statement referred to him.

Later that afternoon, while Steele was leaving the prison yard, he overheard another inmate behind him say, "Stick him." Steele then "felt" that a group of inmates was moving toward him; because he feared he was about to be stabbed, he bolted for the fence. He did not hear the warning shot and climbed the nearest portion of the fence without looking behind him or toward the towers.

Appellant claimed he had also been threatened earlier while in county jail. Unidentified inmates there said he would be stabbed by "Aryan Brotherhood" members when he got to prison. Steele believed he had been singled out for attack because he had been convicted of sex offenses. He never told any prison official about the threats, because he believed this would be useless and would mark him as a "snitch."

### DISCUSSION

 Steele's sole contention on appeal is that the trial court erred when it failed to read his requested instruction on the defense of duress. As we explain, the trial court was not required to read this instruction because there was absolutely no evidence Steele was threatened in order to coerce him to escape.

At Steele's request the trial court read an instruction based on the *necessity* defense developed in *People* v. *Lovercamp* (1974) 43 Cal.App.3d 823 [118 Cal.Rptr. 110, 69 A.L.R.3d 668]. ■ In *Lovercamp* the court held that in certain very limited circumstances a prisoner's escape from prison may be justified by necessity when the prisoner faces an immediate threat of death, forcible sexual attack or substantial bodily injury.[1] Although the court instructed on this defense, the jury rejected it and returned a verdict of guilty.

Steele also requested the following instruction on the defense of *duress,* which the court refused to read: "A person is not guilty of a crime when he engages in conduct, otherwise criminal, when acting under threats and menaces under the following circumstances: [¶] 1. Where the threats and menaces are such that they would cause a reasonable person to fear that his life would be in immediate danger if he did not engage in the conduct charged, and [¶] 2. If such person then believed that his life would be so endangered. [¶] This rule does not apply to threats, menaces, and fear of future danger to his life."

■ This instruction was properly refused. ■ The defense of duress, unlike the necessity justification, requires that the threat or menace be accompanied by a direct or implied demand that the defendant commit the criminal act charged. This point was clearly made in *People* v. *Richards* (1969) 269 Cal.App.2d 768, 773 [75 Cal.Rptr. 597]. There, the court construed the elements of duress based on the statutory definition of that defense found in Penal Code section 26. This section states that a person is not "capable" of committing a crime if he "committed the act or made the omission charged under threats or menaces sufficient to show that [he] had reasonable cause to and did believe [his life] would be endangered if [he] refused." (Pen. Code, § 26.) The *Richards* court correctly observed that "[t]he statute, since it refers to the option to refuse or accept, contemplates that the threat or menace be accompanied by a direct or implied demand or request that the actor commit the criminal act." (*People* v. *Richards, supra,* 269 Cal.App.2d at p. 773; see also *People* v. *Manson* (1976) 61 Cal.App.3d 102, 206 [132 Cal.Rptr. 265]; Dolinko, *Intolerable Conditions as a Defense to Prison Escapes* (1979) 26 UCLA L.Rev. 1126, 1155-1156.)

---

[1] More specifically, the necessity defense to escape is established when: "(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future; [¶] (2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory; [¶] (3) There is no time or opportunity to resort to the courts; [¶] (4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and [¶] (5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat." (*People* v. *Lovercamp, supra,* 43 Cal.App.3d at pp. 831-832, fn. omitted.)

In the present case there is absolutely no evidence the alleged threats were accompanied by an implied demand that Steele escape. To the contrary, Steele's own testimony indicates the threats were made because of his status as a sex offender. There is no indication that those making the threats requested, demanded or desired that Steele escape. Since there was no substantial evidence to support this essential element of the duress defense, the trial court did not err by refusing to read the requested instruction. (See *People* v. *Burnham* (1986) 176 Cal.App.3d 1134, 1139 [222 Cal.Rptr. 630].)

The judgment is affirmed.

Merrill, J., and Strankman, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 22, 1989. Broussard, J., was of the opinion that the petition should be granted.